[No. D053805. Fourth Dist., Div. One. Feb. 27, 2009.]

In re GABRIEL L., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
ALEJANDRO L., Defendant and Appellant.

## COUNSEL

Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant.

John S. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Paula J. Roach, Deputy County Counsel, for Plaintiff and Respondent.

Marsha F. Levine, under appointment by the Court of Appeal, for Minor.

## OPINION

**NARES, Acting P. J.**—Alejandro L. appeals orders placing his son, Gabriel L., with Gabriel's mother, Ashley O., providing family maintenance services for Ashley and terminating his services. The case presents the following issue: If, after a period during which both parents were offered reunification services, the child is then placed with one parent, what is the extent of the court's discretion to decide whether to continue to offer services to the noncustodial parent. As we shall explain, the court's discretion should be examined under Welfare and Institutions Code section 364[1] and is similar to the court's broad discretion as to whether to offer services under section 361.2 because in both situations the child is not in out-of-home placement, but in placement with a parent. We conclude the court may, but is not required to, continue services for the noncustodial parent. Given this discretion, we further conclude the court did not abuse its discretion by terminating

---

[1] Statutory references are to the Welfare and Institutions Code.

Alejandro's services when placing Gabriel with Ashley and providing family maintenance services for her. Accordingly, we affirm the court's orders.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2007, the San Diego County Health and Human Services Agency (the Agency) petitioned on behalf of two-year-old Gabriel under section 300, subdivision (b), alleging he was at risk because the family home was filthy and in severe disrepair, and there was no electricity, running water or furniture except mattresses on the floor. Gabriel was very dirty when he was taken into protective custody; his teeth were decayed and he had scratches and bruises on his body.

Ashley was on probation for a misdemeanor burglary conviction in June 2007. She said she began using methamphetamine and marijuana at an early age. Alejandro had been arrested in January 2006 for being under the influence of a controlled substance and in December 2006 had pleaded guilty to being under the influence of a controlled substance and possessing drug paraphernalia. He also had started using drugs when he was very young.

On August 20, 2007, the Agency amended the petition, adding that Alejandro was unable to provide regular care for Gabriel because of his drug use and drug-related incarcerations. The social worker provided Alejandro and Ashley with referrals for the Substance Abuse Recovery Management System (SARMS), parenting education, counseling and in-home support services.

The court found the allegations of the amended petition to be true, declared Gabriel a dependent child, removed him from his parents' care, placed him in foster care and ordered Ashley and Alejandro to comply with their services plans. Subsequently, Gabriel was placed with his paternal aunt and uncle. On October 11, the court ordered Ashley to undergo substance abuse treatment. The substance abuse treatment referral for Alejandro was delayed because he was then in custody.

Ashley did not comply with drug abuse treatment requirements at first, but on November 28, 2007, she entered residential treatment. She also began parenting classes and therapy, completed a psychological evaluation and was visiting Gabriel.

Alejandro did not contact the social worker until February 2008, and he had his first visit with Gabriel at that time. Alejandro said he had been deported to Mexico after being incarcerated. He had been given referrals for services, but did not participate in any services. At the six-month review

hearing on March 4, 2008, the court continued services for both parents to the 12-month date. By that time Alejandro had been returned to custody.

Over the following months, Ashley continued to participate in residential treatment, therapy and parenting education and she had unsupervised extended overnight visits with Gabriel. Alejandro did not participate in any services. In August 2008, he contacted the social worker and said he had recently returned from Mexico. A visit with Gabriel was scheduled, but Alejandro did not appear. When the social worker met with him in September, Alejandro said he had lost the referrals the social workers had given him because of being deported.

Alejandro did not attend the 12-month hearing on September 23, 2008. It was stipulated that were he to testify he would say he did not come to court because he was afraid he would be arrested and deported again, but he would start services if they were offered and Ashley wanted him to be a part of Gabriel's life. The court placed Gabriel with Ashley and terminated Alejandro's court-ordered services. It ordered family maintenance services for Ashley.

## DISCUSSION

Alejandro contends the court abused its discretion by terminating his services while ordering that Gabriel be placed with Ashley and ordering services for her. He argues terminating his services was not in Gabriel's best interests or in the interests of the permanent plan of reunification.

### A. *Statutory Framework*

The Agency and Alejandro agree we should base our analysis of whether the court erred by terminating Alejandro's services under section 364, which governs hearings concerning dependent children who are not removed from their parents' physical custody, rather than under sections 366 and 366.21, which govern hearings concerning dependent children in foster care. The Agency reasons that because Gabriel had been returned to Ashley, the goal of reunifying with at least one parent had been achieved, and, thus, under section 364, the court had broad discretion to decide whether to continue to provide services for Alejandro. We agree that section 364 is the applicable statute.

The juvenile court must hold review hearings for dependent children no less often than once every six months. (*In re N. S.* (2002) 97 Cal.App.4th 167, 171 [118 Cal.Rptr.2d 259].) If a child has been removed from his parents and remains out of parental custody, the review hearings are held under sections 366 and 366.21. During the reunification period, except in certain specified

circumstances, the parents will be offered services, and at each hearing the court determines whether reasonable services have been offered or provided. (§§ 361.5, subd. (a), 366.21, subds. (e), (f).) At the six-month or the 12-month hearing, the court returns the child to the parents' custody unless it finds return would cause a substantial risk of detriment. (§ 366.21, subds. (e), (f).)

■ Section 364 establishes procedures for review hearings for children who have been adjudged dependent children, but have not been removed from their parents. When proceeding under section 364, because the child is in placement with a parent, the court is not concerned with reunification, but with determining whether continued supervision is necessary in the family home. (§ 364, subd. (c).) In *In re N. S., supra,* 97 Cal.App.4th 167, 171–172, this court held section 364 applies, not only to children who have never been removed from parental custody, but also to those who were removed and then returned to only one parent. In doing so, this court disagreed with *In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1493 [285 Cal.Rptr. 374], which had held section 364 applies only to situations in which children have never been removed from their parents. (*In re N. S., supra,* at pp. 171–172; contra, *In re Sarah M., supra,* at p. 1493, disapproved on other grounds in *In re Chantal S.* (1996) 13 Cal.4th 196, 204 [51 Cal.Rptr.2d 866, 913 P.2d 1075].) In *In re N. S.,* the child was removed from the parents' custody, but then placed with the mother and the father was ordered not to reside in the home. (*In re N. S., supra,* 97 Cal.App.4th at p. 170.) This court stated that because the child was a dependent child of the juvenile court, the court was required to conduct review hearings every six months either under section 366.21 or under section 364. The court reasoned section 366.21 did not apply under the circumstances because the child was not out of parental custody, and, therefore, section 364 must apply. The court stated, "[u]nless section 364 applies, there is no statute governing the court's review hearings for a minor who has been removed from, but is subsequently placed back in, parental custody." (*In re N. S., supra,* at p. 172.) The court reasoned: "If section 366.21 does not apply, then section 364 must." (*Ibid.*) We agree that section 364, rather than section 366.21, governs subsequent review hearings when a dependent child has been placed back in the custody of one parent.

■ Under section 364, subdivision (c) and California Rules of Court, rule 5.710(e)(2),[2] if the court determines the child may safely be returned to the parent, it terminates jurisdiction unless the social worker establishes that conditions still exist that require supervision. "The court shall terminate its jurisdiction unless the [social services agency] establishes by a preponderance of the evidence that the conditions still exist which would justify initial assumption of jurisdiction under Section 300, or that those conditions are

---

[2] Rule references are to the California Rules of Court.

likely to exist if supervision is withdrawn." (§ 364, subd. (c); see *Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 304 [55 Cal.Rptr.3d 647].) If, after returning the child to the parent's custody, the court determines continued supervision is required, it continues the matter for six months at which time it holds a review hearing. (§ 364, subd. (c).) Section 364 refers to services only by stating the social worker is required to report on the services offered and the progress made by the family, and the failure of the parent to participate regularly in a treatment program is prima facie evidence that continued supervision is necessary. (§ 364, subds. (b), (c).) Rule 5.710(e)(2) provides, "If the child is returned, the court may order the termination of dependency jurisdiction or order continued dependency services and set a review hearing within [six] months." (Rule 5.710(e)(2).)

■ A court's discretion to provide services for parents when a child has been placed with one parent after a period of reunification services is similar to the situation when the child is removed from the custodial parent and placed with the noncustodial parent under section 361.2 because in both cases the child is in parental custody, not in foster care. When a child is in foster care, unless the case falls within a specified statutory exception, it is assumed that reunification services will be ordered. Under section 361.2, by contrast, that presumption is not present because the child is not in out-of-home placement, but with a parent. Instead, under section 361.2, the court has several choices. It may provide services to the previously custodial parent, to the parent who is assuming custody, to both parents, or it may instead bypass the provision of services and terminate jurisdiction. (§ 361.2, subd. (b)(1), (3).) The decision whether to provide services and to which parent is discretionary to the court because the child is not out of the home, but in placement with a parent. (*In re Erika W.* (1994) 28 Cal.App.4th 470, 475–478 [33 Cal.Rptr.2d 548] [court had discretion not to order reunification services for previously custodial parent when child was placed with previously noncustodial parent].) In our view, the court's discretion to order services is the same whether the child is placed with a previously noncustodial parent or is returned to one parent after a period of offering reunification services to both parents.

■ A court has discretion to terminate services for one parent even when ordering services for the other parent. (*In re Jesse W.* (2007) 157 Cal.App.4th 49, 58 [68 Cal.Rptr.3d 435]; *In re Alanna A.* (2005) 135 Cal.App.4th 555, 565 [37 Cal.Rptr.3d 579].) During the reunification period, the court's offer of continued services to one parent is not based solely on the participation in services of the other parent. (*In re Jesse W., supra*, 157 Cal.App.4th at p. 60.) "In deciding whether to terminate the services of one parent who has failed to participate or make progress toward reunification, the court is not constrained by a consideration of the other parent's participation in services." (*Ibid.*)

■ "The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accordance with this discretion." (*In re Jose M.* (1988) 206 Cal.App.3d 1098, 1103–1104 [254 Cal.Rptr. 364].) The reviewing court will not reverse the court's order in the absence of a clear abuse of discretion. (*Id.* at p. 1104.) Although section 364 does not expressly treat the issue of offering services to a nonreunifying parent, in accordance with the juvenile court's responsibility to weigh all of the factors present in a dependency case and to provide orders that will serve a child's best interests, the court has discretion to provide services for the nonreunifying parent if the court determines that doing so will serve the child's best interests. The court also has discretion to find that the ordering of such services to the nonreunifying parent is not in the child's interest and to not order services for that parent. (Cf. *In re Erika W., supra,* 28 Cal.App.4th at pp. 475–478; § 361.2.)

## B. *Analysis*

■ The court did not abuse its discretion by terminating Alejandro's services, placing Gabriel with Ashley, continuing dependency court jurisdiction and ordering family maintenance services for Ashley. Alejandro had made no progress in the services that had been offered during the 14 months of Gabriel's dependency. He did not appear at the disposition hearing, causing the court to issue a bench warrant. The social workers provided referrals for services to help him deal with the problems that had caused Gabriel to be brought into protective custody. The social workers supplied him with lists of therapists, parenting education classes, and a psychological evaluation and he was ordered to participate in substance abuse treatment through SARMS. His drug tests in August 2007 were positive for methamphetamine and marijuana. At times during the reunification period, he was arrested, incarcerated and deported. He did not participate in drug abuse treatment, nor did he begin therapy, start a parenting class or have a psychological evaluation. Also he did not visit Gabriel from the time Gabriel was removed in July 2007 until February 2008. He then failed to appear for most scheduled visits. The social worker reported every time she met with Alejandro he provided excuses for why he had not complied with his services plan.

"Resources available to the juvenile court are not unlimited." (*In re Alanna A., supra,* 135 Cal.App.4th at p. 566.) Because Alejandro did not participate in services during the reunification period and he made no progress in resolving the problems that led to Gabriel's removal, he has not shown the court abused its discretion by terminating his reunification services while ordering Gabriel placed with Ashley and ordering family maintenance services for her.

## DISPOSITION

The orders are affirmed.

Haller, J., and Aaron, J., concurred.